IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| WILLIAM ANTHONY JOHNSON, #05110208, | ) Civil Action No. 3:05-3417-HFF-JRM </br> ) </br> ) |
| Plaintiff, | ) </br> ) |
| vs. | ) </br> ) |
| LT. TONY RILEY; </br> CAPT. NFN CURRIE; </br> HENRY SPRADLIN, P.A.C.; </br> SGT. NFN SANDERS; </br> SHERIFF NFN DEWITT; AND </br> COUNTY OF BERKELEY, | ) </br> ) </br> ) </br> ) </br> ) </br> ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) </br> ) |

This action was filed by Plaintiff on December 21, 2005.[1] At the time of the alleged incidents, he was housed at the Hill-Finklea (Berkeley County) Detention Center ("HFDC").[2] Plaintiff is currently incarcerated at the Ridgeland Correctional Institution of the South Carolina Department of Corrections ("SCDC").[3] On April 13, 2006, Defendants Berkeley County, NFN

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

[2] It is unclear whether Plaintiff was a pretrial detainee or convicted prisoner at the time of the alleged incidents. In his complaint, Plaintiff wrote that he arrived at the HFDC on November 2, 2005, from the SCDC. For purposes of these motions, the undersigned assumes that Plaintiff was a pretrial detainee at the time of the alleged incidents.

[3] To the extent that Plaintiff requests injunctive relief, those claims are moot as he has been transferred from HFDC to the SCDC. See Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991); and Ross v. Reed, 719 F.2d 689 (4th Cir. 1983).

Currie, NFN DeWitt,[4] Tony Riley, and NFN Sanders (collectively the "Berkeley County Defendants") filed a motion for summary judgment or, in the alternative, to dismiss.[5] Plaintiff, because he is proceeding pro se, was advised on April 20, 2006 pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment/motion to dismiss could result in the dismissal of his complaint. Plaintiff filed a response on April 3, 2006. On May 18, 2006, Plaintiff filed a response as well as a motion to dismiss Defendants Riley, Currie, Sanders, and Dewitt in their individual capacities.[6] On July 20, 2006, the undersigned recommended that Plaintiff's motion to dismiss be granted and that Defendants' motion for summary judgment, or in the alternative to dismiss, be granted in part and denied in part. On August 17, 2006, Plaintiff filed a response, stating that he did not object to the report and recommendation. On August 30 and September 1, 2006, Defendants objected to the report and recommendation, submitting additional materials in support of their motion for summary judgment. On September 6, 2006, a notice of appearance on behalf of Henry Spradlin and a motion to dismiss were filed. Plaintiff filed a reply to Defendants' objections on September 25, 2006. On September 27, the Honorable Henry F. Floyd, United States District Judge, recommitted the case to the undersigned for further review in light of evidence submitted by Defendants. Another Roseboro

---

[4] Defendant DeWitt previously filed a motion to dismiss which he later withdrew.

[5] As matters outside the pleadings have been considered, the undersigned has treated this as a motion for summary judgment.

[6] The undersigned has construed this motion as one to dismiss Defendants Riley, Currie, Sanders, and Dewitt in their individual capacities only. Plaintiff writes:
> The Plaintiff at this time cedes qualified immunity as per federal and state law as it pertains to: Lt. Tony Riley, Capt Barry Currie, Sgt. Rosemary Sanders, and Sheriff Wayne Dewitt. As such, Plaintiff moves to remove the four (4) above listed defendant[s] from this action and relieves them of personal liability.

Plaintiff's May 18, 2006 Motion to Dismiss at 1.

order was issued on October 10, 2006. Plaintiff filed additional materials in opposition to summary judgment on October 5 and 10, 2006. He filed a memorandum in opposition to Spradlin's motion to dismiss on December 14, 2006. Spradlin filed a reply on December 19, 2006. The undersigned has considered the motions for summary judgment and to dismiss in light of the additional evidence and arguments submitted by the parties in preparing this amended report and recommendation.

## MOTION FOR DEFAULT JUDGMENT

On August 17, 2006, Plaintiff filed a motion for default judgment as to Defendant "Sparding." On September 6, 2006, an attorney made an appearance for Defendant "Spradlin" and filed a motion to dismiss. Spradlin contends that the complaint failed to properly name Spradlin as a defendant and the complaint failed to satisfy the requirements of Federal Rule 8, such that it did not put Spradlin on notice of the claims against him. On September 29, 2006, Plaintiff filed a motion to amend to correct Spradlin's name in the caption of his complaint.[7]

Plaintiff does not appear to have shown that Spradlin is in default, as he did not properly name Spradlin in his complaint and serve him. He appears to have admitted this by requesting amendment. Even if Plaintiff could show that Defendants were in default, the clear policy of the Federal Rules of Civil Procedure is to discourage judgment by default and to encourage disposition of claims on their merits. Reizakis v. Loy, 490 F.2d 1132 (4th Cir. 1974) and Tolson v. Hodge, 411 F.2d 123 (4th Cir. 1969). Plaintiff fails to show any prejudice from the alleged default. The court may also consider whether or not the moving party acted promptly, Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Co., 383 F.2d 249 (4th Cir. 1967) and whether or not the

---

[7]In a separate order, the undersigned has granted the motion to amend to correct this defendants's name to "Henry Spradlin, P.A.C."

moving party has been disadvantaged by the error or neglect of his attorney. United States v. Moradi, 673 F.2d 725, 728 (4th Cir. 1982). Here, Spradlin appears to have acted promptly when he learned of claims against him. It is recommended that Plaintiff's motion for default be denied.

## MOTIONS FOR SUMMARY JUDGMENT AND TO DISMISS

Plaintiff alleges that Defendants exposed him to living conditions at HFDC that violated his constitutional rights. He also appears to assert claims for medical deliberate indifference. The Berkeley County Defendants contend that their motion for summary judgment should be granted because: (1) Plaintiff does not have standing to bring these claims; (2) Plaintiff has failed to state a claim upon which relief may be granted; (3) they are entitled to qualified immunity; (4) they were not deliberately indifferent to any of Plaintiff's serious medical needs; (5) Plaintiff failed to exhaust his administrative remedies;[8] and (6) this matter is frivolous and should be counted as a strike against Plaintiff. Defendant Spradlin contends that his motion to dismiss should be granted because Plaintiff fails to satisfy the pleading requirements of Federal Rule 8.

---

[8] "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Proper exhaustion of administrative remedies is necessary prior to bringing a § 1983 action. See Woodford v. Ngo, __ U.S. __, 126 S.Ct. 2378 (2006). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. The Fourth Circuit, in Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674 (4th Cir. 2005), recently held that an inmate's failure to allege exhaustion does not constitute failure to state a claim and the failure to exhaust is an affirmative defense that should be pleaded or otherwise properly raised by the defendant.

It is recommended that summary judgment be granted on the merits as discussed below. The Berkeley County Defendants state that they have now submitted Plaintiff's inmate file which contains no grievance forms concerning the alleged incidents. See Berkeley County Defendants' Objections. Plaintiff' however, has submitted copies of grievances concerning hearing aid batteries (discussed further below) and other grievances (not relevant to his claims) that were not produced by Defendants.

1.     <u>Living Conditions</u>

Plaintiff alleges that his constitutional rights have been violated by the living conditions he was forced to endure at HFDC. Specifically, Plaintiff claims that HFDC is overcrowded; he does not receive adequate recreation; he does not receive enough reading materials; the windows of his cell are painted black so he cannot see the outside world; the detention center is unsanitary; there are insects at the detention center; the showers are unclean; some toilets in cells do not work, forcing inmates to use toilets in other cells; administrative personnel abuse their authority in placing detainees in administrative segregation; grinding and welding were conducted on the cell doors without adequate ventilation; he does not receive enough food, food is inadequately cooked, food is not properly served, and food is served in an unsanitary atmosphere; he has to request hygiene items and writing supplies[9] (they are not automatically given to him even though he is indigent); he does not get to shave often enough; there is no barber; and inmates break out of their cells and roam around the detention center. The Berkeley County Defendants contend that they

---

[9]To the extent that Plaintiff is attempting to assert a claim for lack of access to the courts, his claim should be dismissed. In <u>Bounds v. Smith</u>, 430 U.S. 817 (1977), the United States Supreme Court determined that prisoners have an absolute right to access to the courts, both to allow them to attack their convictions and to file other lawsuits. The decision merely requires that the <u>right of access to the courts</u> not be impeded. The right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." <u>Lewis v. Casey</u>, 518 U.S. 343 (1996). In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. <u>Cochran v. Morris</u>, 73 F.3d 1310, 1316 (4th Cir. 1996); <u>see also</u>, <u>White v. White</u>, 886 F.2d 721, 723-24 (4th Cir. 1989); <u>Strickler v. Waters</u>, 989 F.2d 1375, 1382-85 (4th Cir. 1993), <u>cert. denied</u>, 510 U.S. 949 (1993). A plaintiff must demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim. <u>Lewis</u>, 518 U.S. at 353-54. Plaintiff has been able to file numerous pleadings with the court and has not alleged any actual injury from any lack of writing or reading materials.

are entitled to summary judgment because Plaintiff lacks standing to assert claims concerning other inmates[10] and Plaintiff fails to state a claim as to his living conditions because he fails to state any injury as a result of these conditions.

Allegations of deprivations of pretrial detainees are considered under the due process clause of the Fourteenth Amendment instead of the cruel and unusual punishment clause of the Eighth Amendment. Cooper v. Dyke, 814 F.2d 941 (4th Cir. 1987). The rationale for this distinction was explained in Ingraham v. Wright, 430 U.S. 651 (1977) at 671-72:

> Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions. . . the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with the due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.

(Citations omitted). However, the due process rights of detainees are at least coextensive with Eighth Amendment rights of convicted prisoners, and perhaps greater. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984); Loe v. Armistead, 582 F.2d 1291, 1292 (4th Cir. 1978).

A pretrial detainee may not be punished. An inmate serving a custodial sentence may be punished so long as the punishment is not "cruel and unusual." Bell v. Wolfish, 441 U.S. 520 (1979).

---

[10]Plaintiff appears to assert some claims on behalf of other HFDC detainees. Plaintiff, who has brought this action pro se, lacks standing to assert the claims of other HFDC detainees. See Laird v. Tatum, 408 U.S. 1 (1972); see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); and Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others). Cf. Oxendine v. Williams, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a pro se prisoner cannot be an advocate for others in a class action); and McNeil v. Guthrie, 945 F.2d 1163, 1164 & nn. 1-2 (10th Cir. 1991).

Thus, it must be determined whether the conditions and/or treatment received by a plaintiff amounted to punishment. Absent a showing of expressed intent to punish on the part of correctional officials, the determination whether a particular condition or restriction is punishment generally turns on whether it is rationally connected to a legitimate non-punitive purpose and whether it is excessive in relation to that purpose. Bell, 441 U.S. at 538.

Plaintiff fails to show that he received anything more than de minimis injuries as a result of his living conditions at HFDC.[11] A de minimis injury does not violate the Fourteenth Amendment. See Ingraham, 430 U.S. at 674 ("There is, of course, a de minimis level of imposition with which the Constitution is not concerned."); see also Riley v. Dorton, 115 F.3d 1159, 1167-1168 (4th Cir. 1997)(en banc)(any injury that the plaintiff suffered as a result of the alleged use of excessive force against him must have been de minimis at best because the plaintiff saw medical personnel on numerous occasions for various injuries and never mentioned the alleged constitutional violation as the source of any of his injuries or complaints), cert. denied, 520 U.S. 1030 (1997); Westmoreland v. Brown, 883 F. Supp. 67, 76 (E.D.Va. 1995)("a particular condition constitutes punishment only where it causes physical or mental injury").

Plaintiff alleges that he was injured from a lack of adequate food, in that he lost 39 pounds, going from 195 to 156 pounds (he states he is six feet tall) while at HFDC.[12] In support of his claim,

---

[11]In the previous report and recommendation, the undersigned noted that Plaintiff had not stated any injury as to the majority of his living condition claims (except those concerning exercise/recreation, food, and the welding/grinding of cell doors). As noted above, Plaintiff did not object to these findings. Thus, only Plaintiff's living conditions claims concerning exercise/recreation, food, and welding/grinding will be addressed here.

[12]Prisons and detention facilities are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and
(continued...)

Plaintiff has only presented a copy of a grievance (Doc. 69) in which he requested that he be served french toast, eggs, and grits on Sundays; an affidavit (Doc. 65) from one HFDC detainee who stated that he did not receive one meal on one occasion (Gregory Bermes Aff.); and another affidavit from an HFDC detainee who did not think that the HFDC food portions were adequate (Michael Hamm Aff.). Defendants have submitted evidence (Plaintiff's Commitment Record and Inmate Data Sheet) that Plaintiff weighed 155 pounds at the time he was booked into the HFDC. See Berkeley County Defendants' Objections, Ex. 1 (Johnson 016, 018). Additionally, Willie Davis, manager of the kitchen at HFDC, states that three meals per day are served at HFDC; he has been employed by HFDC for thirteen years; he served as a mess management specialist in the United States Navy for twenty-one years; he received training in the Navy related to the preparation and service of meals, including portion sizes and sanitary conditions; he uses standard Navy recipe cards, certified by a registered dietitian, in preparing meals at HFDC; and he divides or multiplies the recipes based on the number of HFDC inmates. Davis Aff. Defendant Currie states that HFDC's kitchen serves three meals a day, the kitchen is inspected by SCDC, and Plaintiff did not file any grievances concerning food. Plaintiff alleges that he was sick for two and one-half weeks after the grinding/welding. Complaint, Supplemental Page 2. Defendant Currie states that some repairs were made to cell doors

---

[12](...continued)
well being of the inmates who consume it." See French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985), cert. denied, Owens v. French, 479 U.S. 817 (1986). Assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents. Divers v. Dep't of Corrs., 921 F.2d 191, 196 (8th Cir. 1990); see also Madyun v. Thompson, 657 F.2d 868, 874-75 (7th Cir. 1981)(allegation that food served to segregated prisoners was cold and not on the menu served to general prison population was insufficient to state an Eighth Amendment violation); Hoitt v. Vitek, 497 F.2d 598, 601 (1st Cir. 1974)(prisoners' allegation of deprivation of hot meals failed to state a claim of cruel and unusual punishment, given the stipulation that three meals were provided daily); Prophete v. Gilless, 869 F. Supp. 537 (W.D. Tenn. 1994)(food which was cold by the time it was served did not constitute cruel and unusual punishment).

when Plaintiff was incarcerated because the facility was experiencing some problems with inmate security related to cell door locks and it was determined that the cell doors would have to be welded to prohibit inmates from putting objects in the cracks of the doors and disengaging the locks. He states that he witnessed the welding which was done by a certified welder and maintenance technician, inmates were removed from the cells on which welding was to occur, two industrial sized fans were used for ventilation, and a welder's screen was placed prior to welding/grinding. The grinding of each cell door took approximately five minutes, welding of each cell door took approximately five minutes, approximately two doors were welded each night, and the project lasted approximately two weeks. Currie states that no complaints were made or health problems reported during the course of the maintenance by any inmate, including Plaintiff, and there are no grievance forms in Plaintiff's inmate file related to the grinding/welding. Currie Aff. (Ex. 5 to Berkeley County Defendants' Objections). Plaintiff claims that he submitted requests for medical care, but has presented no copies of these. Further, there is no evidence that the "sickness" he experienced was a serious medical problem. Spradlin states that he did not treat any inmate nor receive any complaints from any inmate regarding the grinding/welding of cell doors. Spradlin Aff. (Ex. 6 to Berkeley Defendants' Objections).

Plaintiff also claims that lack of exercise,[13] improper diet, and stress at the jail caused his blood pressure to rise such that he now has to take medication to control his blood pressure. Plaintiff's May 18, 2006 Response at 4-6. Currie states that SCDC has approved the day room of

---

[13] As a general rule, the denial of out-of-cell exercise for an extended period violates the Eighth Amendment, absent exceptional circumstances. Mitchell v. Rice, 954 F.2d 187 (4th Cir.), cert. denied, 506 U.S. 905 (1992); see also Sweet v. South Carolina Dep't Of Corrections, 529 F.2d 854, 866 (4th Cir. 1975).

HFDC for use during out of cell recreation time because it has adequate natural sunlight, inmates are out of their cells in the day room from approximately 9 a.m. to 11 p.m. each day, and inmates are taken outside of the facility at least on a weekly basis. Currie Aff. Plaintiff has presented no evidence to show that he filed an grievances or required medical treatment for any health problems or injuries resulting from the alleged lack of exercise. Plaintiff submitted an affidavit from an HFDC detainee who claimed that he did not receive as much outside of the facility exercise or as much indoor recreation as asserted by Defendants, but admitted that detainees had indoor recreation from 11:30 a.m. to 3:30 p.m. daily. Doc. 65 (Michael Hamm Aff.).

### 2. Medical Claims

Plaintiff appears to allege that Defendants were deliberately indifferent to his serious medical needs. Specifically, he claims that there is no "medical 24/7," no medication is granted, he was sick for two and one-half weeks (welding/grinding) and got no response to requests, correctional officers (not nurses) pass out medicine, he has not been screened and has only had a TB shot, his knee was hurting and he had been seen by the doctor for his pain, and one Friday Officer Govenor told everyone that he hoped no one got sick over the weekend because the doctor was off until Monday.[14] He also claims that he is not allowed to keep his hearing aid batteries (he states that he is deaf in both ears and wears a hearing aid in one ear), he brought his own batteries for his hearing aid to HFDC, he had to make numerous requests to Defendants before they would give him access to new batteries, and he went numerous days without new batteries for his hearing aid. Complaint at Supplemental Pages 4 and 5. In his response to the Berkeley County Defendants' motion for

---

[14]As with his living conditions claims, to the extent that these incidents are asserted on behalf of other detainees, Plaintiff lacks standing to assert the claims. See Laird v. Tatum, supra.

10

summary judgment, Plaintiff states again that he continued to have problems getting hearing aid batteries; he had a rash over much of his body in December 2005, for which multiple requests for medical attention went unanswered; and during the week of March 13, 2006 his complaints of a cold and flu went unanswered. Plaintiff's May 18, 2006 Response at 5-6.

The Berkeley County Defendants contend that they were not deliberately indifferent to any of Plaintiff's serious medical needs. The Berkeley County Defendants, with their objections to the report and recommendation, have submitted a copy of Plaintiff's inmate file and an affidavit from Spradlin. Defendant Spradlin contends that his claims should be dismissed because he was not put on notice of Plaintiff's claims because Plaintiff did not reference Spradlin in the complaint. Plaintiff in his memorandum in opposition to Spradlin's motion to dismiss, does not appear to dispute this, but instead quotes numerous cases which outline general law on the topic of medical deliberate indifference.[15]

In the case of Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976).[16] The court stated:

---

[15] Although Plaintiff does not use Spradlin's name, he states in Paragraph 15 of his complaint "I charge Dr. Sparding." Later in the paragraph he details his medical claims. If this is adequate notice of the claims against Spradlin, it is recommended that the claims against Spradlin be dismissed sua sponte because Plaintiff fails to establish his claims for medical deliberate indifference, as discussed below.

[16] Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. See City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239 (1983). However, the inquiry as to whether officials were deliberately indifferent to serious medical needs is the same under both the Due Process Clause of the Fourteenth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment. See Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988)(citing Estelle v. Gamble, 429 U.S. 97 (1976)).

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.
>
> * * * * * * *
>
> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 182-83, 96 S.Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted). Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citations omitted). . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851.

The Supreme Court defined "deliberate indifference" in the Eighth Amendment context in Farmer v. Brennan, 511 U.S. 825 (1994). The court held:

12

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

Unless medical needs were serious or life threatening, and a defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle, supra; Farmer v. Brennan, supra; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Plaintiff fails to show that Defendants were deliberately indifferent to any of his serious medical needs. Although Plaintiff claims that he requested medical attention and did not receive a response, he has presented no copies of grievances (except as to hearing aid batteries, as discussed below) concerning any medical problem and he has presented no evidence that he ever suffered from any serious medical need.

Plaintiff complains that he was without batteries for his hearing aid for approximately a total of eight days. Defendant Riley states that he received a grievance from Plaintiff concerning the destruction of his hearing aid (by another inmate in February 2006). Riley conducted an investigation and assisted Plaintiff in contacting his family to have his hearing aid repaired. Plaintiff does not appear to have filed a grievance concerning a lack of batteries until May 2006,

approximately five months after he filed this action. In his grievance (Doc. 69), Plaintiff complains of the actions of two correctional officers who did not get him the batteries he requested. These correctional officers (Officer Davis and Officer Taylor) are not defendants in this action. In response to the grievance, Defendant Riley responded that he would work with Taylor, Davis was no longer at HFDC, and if Plaintiff needed a battery he should write to Riley and Riley would make sure Plaintiff got a battery.

Spradlin states that he was the Physician's Assistant at HFDC during the period of November 2005 through June 2006 (Plaintiff's detainment/incarceration at HFDC). He states that he was present at HFDC from 8 a.m. until 5 p.m. from Monday through Friday; he was available on an on-call basis 24 hours per day, 7 days per week; he performed an intake physical on Plaintiff on November 17, 2005; after performing the intake physical on Plaintiff, he never treated Plaintiff again during the course of Plaintiff's incarceration; and he never received any complaints from Plaintiff regarding Plaintiff's health. Spradlin Aff.

## CONCLUSION

Based upon review of the record, it is recommended that Plaintiff's motion to dismiss Defendants Riley, Currie, Sanders, and DeWitt (Doc. 33) in their individual capacities be granted; Plaintiff's motion for default judgment against Defendant Spradlin (Doc. 43) be denied; the motion for summary judgment of Defendants Berkeley County, Sanders, Riley, Currie, and DeWitt (Doc. 26) be granted; and Defendant Spradlin's motion to dismiss (Doc. 55) be granted.

Respectfully submitted,

                                                          s/Joseph R. McCrorey  
                                                          United States Magistrate Judge

January 12, 2007  
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).