

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

WILLIAM ANTHONY JOHNSON,          §
                                  §
          Plaintiff,              §
                                  §
vs.                               §    CIVIL ACTION NO. 3:05-3417-HFF-JRM
                                  §
LIEUTENANT TONY RILEY et al.,     §
                                  §
          Defendants.             §

## ORDER

## I.    INTRODUCTION

This is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that (1) Defendants Riley, Currie, Sanders, DeWitt and Berkeley County's motion for summary judgment be granted; (2) Plaintiff's motion to dismiss Defendants Riley, Currie, Sanders and DeWitt in their individual capacities be granted; (3) Plaintiff's motion for default judgment as to Defendant Spradlin be denied; and (4) Defendant Spradlin's motion to dismiss be granted. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The matter is also before the Court on a motion to appeal the Magistrate Judge's order (1) denying Plaintiff's motion for discovery; (2) denying Plaintiff's motion for interrogatories/discovery; (3) denying Plaintiff's motion to appoint counsel; and (4) denying Plaintiff's motion of protest.

## II.  DISCUSSION

### A.  Report of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the initial Report on July 20, 2006.  On August 17, 2006, Plaintiff filed a response stating that he did not object to the Report.  Defendants filed objections to the Report on August 30, 2006, and September 1, 2006.  Along with the objections, Defendants submitted additional materials in support of their motion for summary judgment.  On September 27, 2006, the matter was recommitted to the Magistrate Judge for review in light of evidence submitted by Defendants.  Thereafter, the Magistrate Judge filed a second Report on January 12, 2007, and the Clerk entered Plaintiff's objections on February 5, 2007.  The Court has carefully reviewed Plaintiff's five-page objection memorandum, but finds the objections to be without merit.

First, Plaintiff argues that the Court cannot accept Defendants' evidence that was not submitted with its motion for summary judgment.  However, 28 U.S.C. § 636(b)(1) provides that the District Judge may receive further evidence when reviewing the recommendation of the Magistrate Judge.  The decision of whether to consider additional evidence "rests within the sound discretion of the district court."  *Doe v. Chao*, 306 F.3d 170, 183 n.9 (4th Cir. 2002).

Plaintiff's additional objections merely reargue allegations made in previous filings.  In an abundance of caution, however, the Court has reviewed the issues raised de novo.  Nevertheless, because the Court agrees with the analysis of the Magistrate Judge, the Court will not address each issue a second time.

Accordingly, after a thorough review of the Report, the objections, and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein.

**B.      Plaintiff's Appeal of the January 12, 2007, Order of the Magistrate Judge**

On February 5, 2007, the Clerk entered Plaintiff's appeal of the Magistrate Judge's January 12, 2007, order.  The Court will treat Plaintiff's motion to appeal as objections to the Magistrate Judge's order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.  Plaintiff objects only to the Magistrate Judge's rulings on (1) the motion for discovery; (2) the motion for interrogatories/discovery; (3) the motion to appoint counsel; and (4) the motion of protest.  A District Judge may reconsider a Magistrate Judge's ruling "and shall modify or set aside any portion of the [M]agistrate [J]udge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

The Court has carefully considered Plaintiff's objections in his motion to appeal, but finds them to be without merit.  The Magistrate Judge's conclusions are neither clearly erroneous nor contrary to law.  Therefore, the Court will enter judgment accordingly.

**III.    CONCLUSION**

Based on the foregoing, the Court (1) **GRANTS** Defendants Riley, Currie, Sanders, DeWitt and Berkeley County's motion for summary judgment; (2) **GRANTS** Plaintiff's motion to dismiss

Defendants Riley, Currie, Sanders and DeWitt in their individual capacities; (3) **DENIES** Plaintiff's

motion for default judgment as to Defendant Spradlin; (4) **GRANTS** Defendant Spradlin's motion

to dismiss; and (5) **AFFIRMS** the Magistrate Judge's January 12, 2007, order.

      **IT IS SO ORDERED**.

      Signed this 26th day of March, 2007, in Spartanburg, South Carolina.

                           s/Henry F. Floyd_____
                           HENRY F. FLOYD
                           UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.

4